UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jeremy Jackson,** | **Civil No. 09-CV-2946 (SRN/JSM)** |
| **Petitioner,** | **ORDER** |
| v. | |
| **Jessica Symmes,** | |
| **Respondent**. | |

Eduardo Rivera, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, Minnesota 55082, pro se.

Lee W. Barry, III, and Michael K. Walz, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, Minnesota 55487, and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated January 18, 2011 [Doc. No. 11].  Petitioner sought an extension of time to file objections to the R&R [Doc. No. 12], and the Court granted that request. [Doc. No. 13.]  Petitioner subsequently filed a "Petition for Reconsideration" rather than objections to the R&R.  [Doc. No. 14].  The Court will construe this "Petition" as objections to the R&R, and will review Petitioner's arguments accordingly.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  For the reasons that follow, the Court adopts the

R&R.

In his objections, Petitioner does not challenge any specific ruling in the thorough and detailed R&R. Rather, he contends that Respondent is attempting to "usurp Petitioner's constitutional rights" by arguing that Petitioner procedurally defaulted some of his claims. (Obj. at 1.) He does not, however, address any of the multitude of issues the R&R discusses in explaining why Petitioner's claims fail, either on the merits or because they are unexhausted or procedurally defaulted.

For example, Petitioner's objections contend that "Respondent is relying on presumptions to be accepted [sic] as evidence" and "Respondent is operating under the presumption that procedure can negate Constitutional Authority." (Id. at 2.) But as discussed in the R&R, the requirement that Petitioner exhaust his state remedies prior to bringing federal constitutional claims in a federal habeas petition was not invented by Respondent. (R&R at 14-17.) Rather, that requirement was enunciated by the United States Supreme Court, and whether or not Respondent had raised the issue of exhaustion and procedural default, this Court would have been bound to consider that issue before determining the merits of Petitioner's claims.

As noted above, this Court's review of the R&R is limited to those portions to which specific objections are made. Petitioner failed to make any objections regarding the analysis or conclusions in the R&R, instead attacking Respondent's motives and tactics. His failure to make any specific objection limits this Court's review of the R&R's conclusions.[1]

---

[1] The R&R invited Petitioner to specifically address the exhaustion/procedural default issue with respect to two of the grounds raised in the Petition, noting that Respondent had not raised the exhaustion issue for these grounds, but that Petitioner's objections to the R&R would give him the opportunity "to present any factual or legal arguments bearing on his failure to exhaust, procedural default, cause and prejudice or fundamental miscarriage of justice." (R&R at

Even if Petitioner had made specific objections, however, the conclusions of the R&R must stand. There can be no dispute that Petitioner failed to fairly present his federal constitutional claims with respect to three of the six grounds in the Petition, and thus that those grounds must be dismissed for failure to exhaust or for procedural default. (R&R at 14-30.) The R&R's treatment of the merits of the remaining grounds is similarly thorough and well-reasoned. Having reviewed the R&R's analysis, the Court finds no error of fact or law.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Mayeron's Report and Recommendation (Doc. No. 11) is **ADOPTED**;
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**;
3. This action is **DISMISSED with prejudice**; and
4. Petitioner is NOT granted a Certificate of Appealability.

Dated:   April 4, 2011

                                              s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge

---

19 n.6.) Petitioner did not accept the R&R's invitation to submit any factual or legal argument whatsoever.